**<u>Exhibit B</u>**

**Retention Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VROOM, INC., | § | Case No. 24-90571 (CML) |
| | § | |
| | § | |
| Debtor.[1] | § | |
| | § | |

**DECLARATION OF THOMAS H. SHORTT IN SUPPORT OF**
**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE EMPLOYMENT AND RETENTION OF LATHAM & WATKINS LLP**
**AS SPECIAL CORPORATE COUNSEL EFFECTIVE AS OF THE PETITION DATE**

I, Thomas H. Shortt, declare as follows:

1.      I am the Chief Executive Officer of Vroom, Inc. (the "**Debtor**"). In this capacity, I am familiar with the Debtor's day-to-day operations, business, financial affairs, and books and records. I am also responsible for supervising the work of outside counsel and monitoring and controlling legal costs.

2.      I submit this declaration (the "**Retention Declaration**") in support of the *Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Latham & Watkins LLP as Special Corporate Counsel Effective as of the Petition Date* (the "**Application**").[2] Except as otherwise noted, all facts in this Retention Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant

---

[1]     The Debtor in this case, along with the last four digits of the Debtor's federal tax identification numbers is, Vroom, Inc. (2566).  The Debtor's address is 3600 West Sam Houston Pkwy S, Floor 4, Houston, Texas 77042.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

documents, and information supplied to me by other members of the Debtor's management and the Debtor's advisors.

## THE DEBTOR'S SELECTION OF SPECIAL COUNSEL

3.      The Debtor recognizes that it is critical to select special counsel with the utmost care to maximize the value of the Debtor's estate, while at the same time focusing on costs to ensure that the Debtor's limited resources are being appropriately utilized.

4.      I understand that L&W has substantial experience handling corporate matters in the context of large chapter 11 cases. In particular, I understand that L&W's corporate practice has broad experience in a wide variety of matters, including capital markets, securities, and contractual matters, and the L&W team representing the Debtor includes several professionals who have extensive experience in addressing tax, employee-related and benefits issues that emerge in the context of a restructuring.

5.      The Debtor did not consider any other law firms for the role of special corporate counsel given L&W's extensive knowledge and substantial experience in the relevant practice areas, as well as L&W's experience working with the Debtor since August 2019. If required to retain different counsel to provide the L&W Services, I believe that the Debtor will be forced to expend significant resources and expense to familiarize such counsel with the Debtor's business.

6.      Accordingly, I believe, for all the aforementioned reasons, that L&W is both well-qualified and uniquely suited to represent the Debtor in connection with these matters in an efficient and timely manner.

## PROFESSIONAL COMPENSATION

7.      In my capacity as Chief Executive Officer, I am involved in the Debtor's retention and supervision of outside professional services firms, including the professionals proposed to be retained in the Chapter 11 Case.

8.      Prior to the engagement of L&W, L&W and I discussed, and I approved, L&W's standard billing rates and the material terms of the engagement.   As part of the engagement, L&W has agreed to charge a flat fee of $250,000 for public reporting under the Securities Exchange Act of 1934 for the period from January 1, 2024 through December 31, 2024. This flat fee shall apply only to ordinary course public reporting and shall not apply to public company reporting that is non-ordinary course and/or related to transactional work.   In addition, L&W has agreed to a 15% discount on standard hourly rates on any non-transactional legal work. Additionally, L&W informed the Debtor that its billing rates and the material terms of this engagement are comparable to (a) L&W's standard hourly rates and the material terms for non-bankruptcy engagements and (b) the billing rates and terms of other comparably skilled counsel.

## COST SUPERVISION

9.      The Debtor recognizes that it is the Debtor's responsibility to monitor closely the billing practices of its counsel to ensure the fees and expenses paid by the Debtor's estate remain consistent with the Debtor's expectations and the exigencies of the Chapter 11 Case. The Debtor will continue to review invoices that L&W submits during the Chapter 11 Case and report to L&W any concerns regarding the reasonableness of its fees and expenses.

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 3, 2024

By: _/s/ Thomas H. Shortt_____
Name: Thomas H. Shortt
Title: Chief Executive Officer of Vroom, Inc.